# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

ANDRE M. INGRAM,

            Plaintiff,

vs.

KEITH LEEDOM, et al.,

            Defendants.

Case No. 2:11-cv-00139-PMP-PAL

**ORDER**

(IFP App - Dkt. #3)

      This matter is before the court on Plaintiff Andre M. Ingram's Application to Proceed *In Forma Pauperis* (Dkt. #3). Previously, on February 15, 2011, the court entered an Order (Dkt. #2) denying Plaintiff's Application to Proceed *In Forma Pauperis* (Dkt. #1) because it was unclear whether Plaintiff received monthly retirement income. The court directed Plaintiff to file a completed Application on or before March 9, 2011. Plaintiff complied. The court has reviewed Plaintiff's new Application (Dkt. #3), and Plaintiff qualifies to proceed *in forma pauperis*. The court will now screen Plaintiff's Complaint.

      Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915(a). Federal courts are given the authority dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

/ / /

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 129 S.Ct. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 1949. Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly,* 550 U.S. at 570.

Plaintiff's Complaint attempts to state a claim for discrimination and retaliation under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq*. He alleges that his former employer, Defendant Sky Security, and several employees retaliated against him for not participating in an investigation involving theft of a gratuity. He also alleges he was discriminated on the basis of his race. Title VII allows persons to sue an employer for discrimination on the basis of race, color, religion, gender or national origin if he or she has exhausted both state and Equal Employment Opportunity Commission (EEOC) administrative procedures. Once plaintiff files charges with the EEOC, the commission will investigate the charges, attempt to reach a settlement, and decide whether to sue the employer or refer the decision to sue to the Attorney General if the charges are against a state or local governmental entity. *Id*. If the EEOC or Attorney General decides not to sue and if there is no settlement that is satisfactory to plaintiff, the EEOC will issue plaintiff a right-to-sue letter and plaintiff will have exhausted his remedies with the EEOC. *See* 42 U.S.C. § 2000e-5(f)(1). After receipt of the right to sue letter, plaintiff may sue in federal or state court. *Id*.; *see also Yellow Freight Sys., Inc. v. Donenelly*, 494 U.S. 820, 825-26, 110 S.Ct. 1566, 108 L.Ed.2d 834 (1990). Here, although Plaintiff has attached a letter he sent to the EEOC, he does not allege that he filed a charge with the EEOC or that the EEOC

1 investigated his claims or issued him a right to sue letter. Thus, Plaintiff has not alleged that he has
2 exhausted his administrative remedies, and his Complaint will be dismissed with leave to amend.
3       Moreover, Plaintiff cannot state a claim against individual Defendants Keith Leedom, David
4 Warmus, and Joey Prince under Title VII. Liability under Title VII extends only to the employer if a
5 violation is established and not to the individual employees. *See, e.g., Miller v. Maxwell's*
6 *International*, 991 F.2d 583, 587 (9th Cir. 1993), *cert. denied,* 114 S.Ct. 1049 (1994) (rejecting
7 individual supervisory liability under Title VII).
8       Plaintiff is advised that if he chooses to amend his Complaint, the Amended Complaint must
9 comply with Rule 8(a)(2) of the Federal Rules of Civil Procedure, which requires that a Complaint
10 contain "a short and plain statement of the claim showing the pleader is entitled to relief." *Id.*
11 Additionally, Rule 8(e) states, "Each averment of a pleading shall be simple, concise, and direct."
12 Taken together, these rules emphasize the requirement that pleadings should be clear and brief.
13 Complaints should not be needlessly long, highly repetitive, or rambling. Plaintiff's Complaint is
14 difficult to follow and describes not only his claims against the Defendants, but it also contains
15 evidentiary support and a description of the factual background and arguments. Plaintiff's Amended
16 Complaint should be limited to a short and plain statement of his claims against Defendants.
17       Additionally, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., her
18 original complaint) in order to make the amended complaint complete. This is because, as a general
19 rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th
20 Cir. 1967). Local Rule 15-1 requires that an amended complaint be complete in itself without reference
21 to any prior pleading. Once a plaintiff files an amended complaint, the original complaint no longer
22 serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each
23 claim and the involvement of each defendant must be sufficiently alleged.
24       Accordingly,
25       **IT IS ORDERED:**
26       1.     Plaintiff's request to proceed *in forma pauperis* is GRANTED. Plaintiff shall not
27             be required to pay the filing fee of three hundred fifty dollars.
28 / / /

2. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

3. The Clerk of the Court shall file the Complaint.

4. The Complaint is **DISMISSED** for failure to state a claim upon which relief can be granted, with leave to amend. Plaintiff will have until **April 15, 2011,** to file his Amended Complaint, if he believes he can correct the noted deficiencies.

Dated this 11th day of March, 2011.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE