# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ANDRE M. INGRAM,<br><br>                        Plaintiff,<br><br>vs.<br><br>SKY SECURITIES SERVICES, et al.,<br><br>                        Defendants. | Case No. 2:11-cv-00139-PMP-PAL<br><br>**ORDER**<br><br>(Am. Comp. - Dkt. #6) |

      This matter is before the court on Plaintiff's Amended Complaint (Dkt. #6). Previously, Plaintiff filed an Application to Proceed *In Forma Pauperis* (Dkt. #3) which the court approved. In an Order (Dkt. #4) entered March 16, 2011, the court screened Plaintiff's Complaint pursuant to 28 U.S.C. § 1915 and found that it failed to state a claim because Plaintiff had not shown he had exhausted his administrative remedies. The court dismissed Plaintiff's Complaint but allowed him to file an Amended Complaint. Plaintiff complied and filed an Amended Complaint (Dkt. #6) on April 15, 2011. The court will now screen Plaintiff's Amended Complaint pursuant to 28 U.S.C. § 1915(a).

      Federal courts are given the authority dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

      Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir.

1  2000). A properly pled complaint must provide a short and plain statement of the claim showing that
2  the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544,
3  555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels
4  and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129
5  S.Ct. 1937, 1949 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as
6  true all well-pled factual allegations contained in the complaint, but the same requirement does not
7  apply to legal conclusions. *Iqbal*, 129 S.Ct. at 1950. Mere recitals of the elements of a cause of action,
8  supported only by conclusory allegations, do not suffice. *Id.* at 1949. Secondly, where the claims in the
9  complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed.
10 *Twombly,* 550 U.S. at 570.

11         Plaintiff's Amended Complaint attempts to state a claim for discrimination and retaliation
12 under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.* He alleges that his former employer,
13 Defendant Sky Security, and several employees retaliated against him for not participating in an
14 investigation involving theft of a gratuity. He also alleges he was discriminated on the basis of being
15 African-American. Title VII allows persons to sue an employer for discrimination on the basis of race,
16 color, religion, gender or national origin if he or she has exhausted both state and Equal Employment
17 Opportunity Commission (EEOC) administrative procedures. Once plaintiff files charges with the
18 EEOC, the commission will investigate the charges, attempt to reach a settlement, and decide whether
19 to sue the employer or refer the decision to sue to the Attorney General if the charges are against a state
20 or local governmental entity. *Id*. If the EEOC or Attorney General decides not to sue and if there is no
21 settlement that is satisfactory to plaintiff, the EEOC will issue plaintiff a right-to-sue letter and plaintiff
22 will have exhausted his remedies with the EEOC. *See* 42 U.S.C. § 2000e-5(f)(1). After receipt of the
23 right to sue letter, plaintiff may sue in federal or state court. *Id*.; *see also Yellow Freight Sys., Inc. v.*
24 *Donenelly*, 494 U.S. 820, 825-26, 110 S.Ct. 1566, 108 L.Ed.2d 834 (1990). Here, Plaintiff has attached
25 a right to sue letter he received from the EEOC. Therefore, it appears he has exhausted his
26 administrative remedies.

27         To state a *prima facie* case of retaliation in violation of Title VII, Plaintiff must establish:
28 (1) that he or she committed a protected act, such as complaining about discriminatory practices;

(2) that the employee suffered some sort of adverse employment action; and (3) a causal connection between the employee's action and the adverse act. *See Davis v. Team Elec Co.*, 520 F.3d 1080, 1093-94, (9th Cir. 2008). Here, Plaintiff alleges that he was retaliated against by his employer after he refused to participate in an investigation at his workplace involving theft. The court finds Plaintiff has stated a claim for retaliation.

In order to state a *prima facie* case of discrimination in violation of Title VII, Plaintiff must establish: (a) he belonged to a protected group; (b) he was qualified for her job; (c) he was subjected to an adverse employment action; and (d) similarly situated employees not in his protected class received more favorable treatment. *Moran v. Selig*, 447 F.3d 748, 753 (9th Cir. 2006) (*citing Kang v. U. Lim Am., Inc.*, 296 F.3d 810, 818 (9th Cir. 2002)). Under Title VII, where an employee opposes an unlawful practice, he or she has engaged in a protected activity. *See* 42 U.S.C. § 2000e-3(e). Here, Plaintiff alleges he was treated differently than other white employees and that he was forced to leave his employment based upon his mistreatment. Specifically, he asserts he was not allowed to take Sundays off for church-related activities although Defendant made accommodations for white employees of the Mormon faith. He also asserts that the company did not investigate an allegation of theft he asserted, although when a white employee alleged a black employee had stolen, the matter was investigated and the black employee was terminated. The court finds that Plaintiff has stated a claim for discrimination under Title VII.

Plaintiff's Complaint also alleges claims under the United States Supreme Court's decision in *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388 (1971), for age discrimination, violation of the Americans with Disabilities Act, and the Equal Pay Act. However, because Plaintiff has not alleged any facts to support these claims, they will be dismissed.

Accordingly,

**IT IS ORDERED:**

1. The Clerk of the Court shall file the Amended Complaint and shall issue summons to Defendant, and deliver the same to the U.S. Marshal for service. Plaintiff shall have twenty days in which to furnish the U.S. Marshal with the required Form USM-285. Within twenty days after receiving from the U.S. Marshal a copy of the Form USM-285,

showing whether service has been accomplished, Plaintiff must file a notice with the court identifying whether defendant was served.  If Plaintiff wishes to have service again attempted on an unserved defendant, a motion must be filed with the court identifying the unserved defendant and specifying a more detailed name and/or address for said defendant, or whether some other manner of service should be attempted.  Pursuant to rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within 120 days from the date this order is entered.

2. From this point forward, Plaintiff shall serve upon Defendant, or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading motion or other document submitted for consideration by the court.  Plaintiff shall include with the original papers submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for the Defendants.  The court may disregard any paper received by a District Judge or Magistrate Judge which has not been filed with the Clerk, and any paper received by a District Judge, Magistrate Judge, or the Clerk which fails to include a certificate of service.

3. Plaintiff's claims under the United States Supreme Court's decision in *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388 (1971), for age discrimination, violation of the Americans with Disabilities Act, and the Equal Pay Act are DISMISSED for failure to state a claim on which relief can be granted.

Dated this 30th day of June, 2011.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE